UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
ROOM 309
FEDERAL BUILDING
100 N.E. MONROE
PEORIA, ILLINOIS 61602

OFFICIAL BUSINESS

Thomas Berchiolly 98369-024
PEKIN
PO Box 5000
Pekin, IL 61555

Federal Correctional Institution
University Drive S.W.
Waseca, MN 56093

FILED
JAN 0 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD


PEORIA IL 616
27 DEC PM 2004


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NOV 08 2004

JOHN M. WATERS, C...
... DIST...
CENTRAL DISTRICT OF ILLINOIS

THOMAS BERCHIOLLY,
    Plaintiff,

vs.                        04-1318

JOHN ASHCROFT. et al.
    Defendants.

<u>ORDER</u>

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, a federal prisoner, has filed this lawsuit pursuant to <u>Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971). The plaintiff claims his Eighth Amendment rights were violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named eight defendants including: Attorney General John Ashcroft, Bureau of Prisons Director Harley Lappin, Warden Suzanne Hastings, Clinical Director Eddie Somolio, Dr. Angel Ortiz, Dr. Hansen, Pharmacist Gould, and Physicians Assistant Jackson. The plaintiff is suing each in their official and individual capacities.

    The plaintiff states that on October 22, 2002, he noticed an "irregular lesion" on his face. (Comp., p. 4) The plaintiff notified Dr. Ortiz and an appointment was scheduled. On November 4, 2002, the plaintiff says he was examined by Dr. Jackson. Jackson conferred with Defendants Ortiz and Somolio and told the plaintiff that he was suffering from dry skin.

    The plaintiff says the lesion began to increase in size, so another visit was scheduled in February of 2003. Dr. Jackson again examined the plaintiff and apparently told the plaintiff he thought the lesion was skin cancer. However, Dr. Ortiz "superseded Jackson's diagnosis and further concluded that the lesion was no more than dry skin." (Comp., p. 5)

    The plaintiff says between February and July of 2003 he made several trips to the Health Care Unit, but no further testing or treatment was provided. In July of 2003, the plaintiff informed doctors that the lesion had doubled in size and caused a significant amount of pain. Doctors still claimed the plaintiff suffered from dry skin.

1

In August of 2003, the plaintiff again asked to see medical personnel and was told that he was scheduled for a biopsy. "However, although the appointment was scheduled it was canceled for unspecified reasons." (Comp., p. 6) In September of 2003, the Utilization Review Committee at the correctional facility determined that a biopsy was necessary. The plaintiff further claims that the recommendation stated that the biopsy should be performed within fourteen days.

It is difficult to follow the plaintiff's complaint at this point. He claims that the biopsy was delayed, but an outside contract physician somehow determined that the lesion was skin cancer. When the plaintiff asked why the biopsy was not scheduled, Dr. Somolio again said they had determined that the lesion was non-cancerous.

On November 18, 2003, the lesion was finally removed from the plaintiff's face. The plaintiff says by this time the lesion had more than doubled in size and his face is now "permanently disfigured." (Comp., p. 9) The biopsy also revealed that the lesion was skin cancer.

The plaintiff says due to the delay in treatment, he is concerned that the cancer has spread. The plaintiff says he still suffers from dizziness. The plaintiff says he has told medical personnel, but has received no further testing or treatment.

The plaintiff says throughout his ordeal, doctors have deterred his attempts to obtain proper treatment and have even threatened the plaintiff that if he did not stop asking for treatment, he would be put in segregation. The plaintiff says the defendants violated his Eighth Amendment rights when they failed to provide timely and adequate health care. The plaintiff says the defendants knew the lesion was cancerous, but continued to deter his attempts to receive treatment. The plaintiff says Defendants Ashcroft, Hastings and Lappin are liable because as "supervisory officials," they are aware of the problems with medical care in the Pekin Correctional Facility. The plaintiff is requesting compensatory and punitive damages.

The plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care violated the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. Id. The plaintiff must also show that the Defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).

Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. Ford v. Page, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to

2

deliberate indifference." Jones v. Natesha,151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted.*
A prisoner does not have a constitutional right to choose his treatment and the court will not second-guess matters of professional judgment. Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir.1996).

However, "proof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed. Amendment claim." Jones,151 F.Supp.2d at 945 *citing* Ford, 2001 WL 456427 at 6. The plaintiff has adequately alleged that at some point the defendants knew he suffered from skin cancer, but intentionally delayed or interfered with his needed treatment.

The plaintiff has adequately alleged that Defendants Somolio, Ortiz, Gould, Jackson and Hansen violated his Eighth Amendment rights. However, the plaintiff has failed to state a claim against Defendants Ashcroft, Lappin and Hastings. "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of respondeat superior (supervisor liability) does not apply. Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." Vance v Peters, 97 F.3d 987, 992 (7th Cir. 1996). Therefore, the court must dismiss Defendants Ashcroft, Lappin and Hastings.

IT IS THEREFORE ORDERED that:

**1) The plaintiff has adequately alleged that Defendants Somolio, Ortiz, Gould, Jackson and Hansen violated his Eighth Amendment rights when they intentionally delayed or interfered with needed treatment for skin cancer. All other intended claims are dismissed.**

**2) The plaintiff has failed to state a claim upon which relief can be granted against Defendants Ashcroft, Lappin and Hastings. The clerk of the court is directly to dismiss these defendants.**

**3) The Clerk of the Court is directed to refer the plaintiff's complaint to the Magistrate Judge for consideration of any deficiencies in the plaintiff's filing and plaintiff's motion to proceed in forma pauperis.**
Entered this 8th day of November, 2004.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3