E-FILED
Tuesday, 12 July, 2005  02:50:33 PM
Clerk, U.S. District Court, ILCD

16. To date no additional treatment has been provided to Berchiolly and no further testing was conducted after the operation to determine whether the cancer has been completely eradicated.

17. Berchiolly was detered at every stage of attempting to secure treatment to remove the tumor from his face. On several occassions Berchiolly was even threatened by various medical officials and informed that he would be placed in segregation if he did not refrain from attempting to get treatment for the lesion on his face. All indicated that the lesion was only dry skin and not to be concerned about it.

18. Berchiolly was permanently disfigured as a result of the operation performed to remove the tumor from his face. Because the herein named defendants allowed for the tumor to go untreated for nearly a year, the cancer grew into a considerable mass before being removed. Such lack of treatment resulted in a significant scar on Berchiolly's face following the procedure. Moreover, Berchiolly was forced to live in pain and suffer due to lack of treatment.

19. Failure to adequately train employees, allocate sufficient funds, and systemactic defficiencies in hiring competent medical personell has contributed to Berchiolly being denied adequate treatment. Defendants John Ashcroft, Harley Lappin and Suzanne Hastings have failed to exercise adequate oversight of subordinate personell to ensure the proper administration of medical care within BOP facilities.

20. The sheer volume of medical related complaints filed at every level of the administrative hierarchy exhibits a knowing failure on behalf of supervisory defendants to take affirmative action to ensure the proper administration of medical care within the BOP.

21. Defendants Ashcroft, Lappin, and Hastings are officials responsible for the promulgation of policy within the BOP. The same defendants exercise a significant amount of influence over the implimentation and interpretation of policy, and can therefore be held liable for the deprivation of Berchiolly's rights if their acts or omissions somehow contributed thereto. See Vargas Harrison v. Racine Unified School District, 272 F.3d 964, 970-973 (7th Cir.2001).

F. Count 1 - Violation of Constitutional Rights

22. Defendants employed at FCI Pekin Health Services owed Plaintiff a duty to provide him with timely and adequate medical care in a manner consistent with 8th Amendment standards. Defendants breached their duties when they failed to provide Plaintiff with adequate medical care.

23. Plaintiff's complained of medical condition was objectively, sufficiently serious and Defendants were deliberately indifferent to that condition. See Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir.2002).

24. Defendants knew of the substantial risk posed to Plaintiff's health and safety from the very fact that the risk was obvious. See Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir.2002).

10



25. Subsequent to learning that the irregularity on Plaintiff's temple was cancerous, Defendants unecessarily delayed treatment for nearly two months thereby constituting deliberate indifference. See Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir.1995).

26. Furthermore, Defendants delay in treating Plaintiff's condition for an entire year resulted in permanent disfigurement and the wanton infliction of pain. Allowing for the cancer to proliferate and go untreated for such a period of time violated Plaintiff's rights. See Langston v. Peters, 100 F.3d 1235, 1240 (7th Cir.1996).

### G. Count 2 - Violation of Constitutional Rights

27. Defendants John Ashcroft and Harley Lappin owed Plaintiff a duty to provide for his care and safekeeping. See Title 18 U.S.C. §4042(a)(2). Defendants failed to perform this duty through their idleness and unassertiveness in ensuring the proper administration of inmate medical care within the BOP.

28. Institutional procedures, personell, and facilities at FCI Pekin are inadequate to ensure Plaintiff adequate access to medical care. See Bass By Lewis v. Wallenstein, 769 F.2d 1173, 1184 (7th Cir.1985).

29. As supervisory officials aware of the rapidly declining quality of medical care within the BOP, Defendants Ashcroft and Lappin exhibited a knowing failure to remedy defficiencies in the administration of medical care at the institutional and BOP levels. See Smith v. Rowe, 761 F.2d 360, 369 (7th Cir.1985).

### H. Count 3 - Violation of Constitutional Rights

30. Defendant Suzanne Hastings owed Plaintiff a duty to ensure that he be provided with timely and adequate medical care. Defendant Hastings failed to perform this duty through her idleness and unassertiveness in ensuring the proper administration of inmate medical care at FCI Pekin.

31. Institutional procedures, personell, and facilities at FCI Pekin are inadequate to ensure Plaintiff adequate access to medical care. See Bass By Lewis v. Wallenstein, 769 F.2d 1173, 1186 (7th Cir.1985).

32. As a spervisory official aware of the rapidly declining quality of medical care at FCI Pekin, Defendant Suzanne Hastings exhibited a knowing failure to remedy obvious defficiencies in the administration of medical care at FCI Pekin. See Smith v. Rowe, 761 F.2d 360, 369 (7th Cir.1985).

### I. Damages

33. As a direct result of the herein named defendants' negligence and failures to ensure access to adequate medical care, Plaintiff suffered the following injuries and damages:

   a. Physical pain and mental anguish in the past and future.
   b. Disfigurement in the past and future.
   c. Pain and suffering.
   d. Physical impairment in the past and future.

12

## J. Relief Requested

34. Plaintiff hereby requests relief in the matter of his civil rights complaint in the following forms and amounts:

35. As it concerns Count "1", above, Plaintiff requests that he be awarded nominal damages and the amount of $450,000.00 in punitive damages. Plaintiff further requests compensatory damages in the amount of $250,000.00.

36. As it concerns Count "2", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,000.00 in punitive damages. Plaintiff further requests compensatory damages in the amount of $150,000.00.

37. As it concerns Count "3", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,000.00 in punitive damages. Plaintiff further requests compensatory damages in the amount of $150,000.00.

38. Plaintiff hereby requests any and all other relief deemed fair, just, and equitable in the matters presented herein.

## K. Demand For Jury Trial

39. Plaintiff hereby demands trial by jury in this matter of his civil rights complaint.

## STATEMENT UNDER PENALTY OF PERJURY

I, Thomas Berchiolly, the undersigned, hereby affirm under penalty of perjury and pursuant to 28 U.S.C. §1746 that the foregoing is true and correct based upon my knowledge and belief.

9-14-04
Executed on this day of:

*Thomas Berchiolly* 98369-024
Thomas Berchiolly #98369-024

13