IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| THOMAS BERCHIOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1318 |
| | ) | |
| EDDIE SOMOLIO[1], et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER

Now come the defendants, by and through their attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Gerard A. Brost, Assistant United States Attorney, and for their Answer to the Plaintiff's Complaint, state as follows:

Basis of Jurisdiction

1.  This paragraph states a legal conclusion which does not require an answer. To the extent an answer is required, the defendants admit the allegations in this paragraph.

2.  This paragraph states a legal conclusion which does not require an answer. To the extent an answer is required, the defendants admit the allegations in this paragraph.

---

[1] The correct spelling is Samalio.

## Principal Parties

1. Admit that Thomas Berchiolly is a federal prisoner and that he was previously housed at FCI Pekin, but deny his assertion that he is currently housed at FCI Pekin and that his place of incarceration is his residence.

2. Admit that defendants Samalio, Hansen, Jackson, Ortiz, and Gould are officers, staff, or agents of the U.S. Department of Justice. Deny that Ashcroft, Lappin, and Hastings are defendants in this action. Deny the remainder of the allegations contained in this paragraph.

3. No response is required as John Ashcroft was dismissed from this action. (R.3)

4. No response is required as Harley Lappin was dismissed from this action. (R.3)

5. No response is required as Suzanne Hastings was dismissed from this action. (R.3)

6. Admit that defendants Hanson, Jackson, and Ortiz, provide clinical care to inmates at FCI Pekin. Admit that defendant Gould is the Chief Pharmacist responsible for administering medications at FCI Pekin. Admit that defendant Samalio is the Health Services Administrator, responsible for the administrative functions of the Health Services Department but had no responsibility for clinical care. Deny the remaining allegations in this paragraph.

## Litigation History

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Exhaustion of Administrative Remedies

1. Deny that plaintiff has exhausted in accordance with the PLRA. Admit that some evidence can be found in the Administrative Remedy Index under remedies 312419-F1, 312419-R1, and 312419-

A1.

## Statement of Facts

1. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. Defendants Hansen, Jackson, Ortiz, and Gould lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendant Samalio admits the allegation in the second sentence. Defendants admit that Berchiolly submitted an inmate request dated October 22, 2002, expressing concern about a growth on his forehead but deny that it was addressed to Dr. Ortiz. Defendants admit the allegation in the fourth sentence.

2. Defendants admit that plaintiff was examined by defendant Jackson, denies that it was on November 4, 2002, and lack sufficient knowledge or information to form a belief as to whether plaintiff expressed concern that the lesion on his forehead was skin cancer. Defendants lack sufficient knowledge or information to form a belief as to the second sentence. Defendants Hansen and Gould lack sufficient knowledge or information to form a belief as to the third sentence. Defendants Samalio, Jackson, and Ortiz deny the allegation in the third sentence. Defendants admit that plaintiff was not given any medication on November 4, 2002, but deny that he was denied treatment.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence. Defendants deny the allegations in the second, third, fourth, and fifth sentences.

4. Defendants admit that between February 12, 2003, and July 7, 2003, plaintiff was seen on several occasions in Health Services, but deny that any of those visits concerned a lesion on his temple. Defendants lack sufficient knowledge or information to form a belief as to whether the lesion was growing in size. Defendants admit that Ortiz, Hansen, and Jackson were medical professionals who provided medical care during that time. Defendants deny the

        allegations in the third sentence.

5. Defendants admit the allegations in the first sentence. Defendants admit that plaintiff informed Jackson that his lesion had doubled in size and that it bled. Defendants deny that plaintiff indicated that the bleeding occurred when washed and deny that plaintiff indicated the lesion caused him "a significant amount of pain." Defendants admit the allegations in the third sentence. Defendants lack sufficient knowledge or information to form a belief as to the allegations in the fourth and fifth sentences. Defendants Samalio, Jackson and Hansen lack sufficient knowledge or information to form a belief as to the sixth, seventh, eighth, ninth, and tenth sentences. Defendants Ortiz & Gould deny the allegations in the sixth, seventh, eighth ninth, and tenth sentences.

6. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

7. Defendants admit the allegations contained in the first sentence. Defendants admit that the biopsy was classified as "presently medically necessary" but deny the remainder of the second sentence. Defendants admit that a biopsy was not conducted until two months later but deny that this was contrary to any BOP mandate.

8. Admit that plaintiff was seen by a contract surgeon but deny that Dr. Reid determined the lesion was basal cell carcinoma.

9. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

10. Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph.

11. Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first sentence. Defendants admit that plaintiff submitted a request dated October 29, 2003, complaining about the treatment for the lesion. Defendants admit the allegations contained in the third sentence.

12. Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first, second, and third sentences. Defendants admit the allegations in the fourth sentence. Defendants admit that a lesion measuring approximately 1 cm. was excised from his right temple but deny that is was a "considerable tumorous mass"

13. Defendants admit the allegations in this paragraph.

14. Defendants deny that squamous cell carcinoma metastasized in plaintiff's brain and eyes. Defendants admit that the remaining allegations contained in this paragraph can occur in a small percentage of cases.

15. Defendants lack sufficient knowledge or information to form a belief as to the allegation in the first sentence. Defendants admit the allegations contained in the second and third sentences.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

18. Defendants admit that plaintiff was left with a small surgical scar but deny that it caused permanent disfigurement. Defendants deny the allegations in the second sentence. Defendants admit that plaintiff was left with a scar but deny that there was a lack of treatment and deny that the scar was "significant." Defendants deny the allegations contained in the fourth sentence.

19. Defendants deny the allegations contained in the first sentence. The allegations in the second sentence relate to a cause of action which was dismissed by this Court on November 8, 2004, and thus no answer is required. To the extent an answer is required, defendants deny the allegation in this sentence.

20. Defendants deny the allegations contained in this paragraph.

21. This paragraph contains allegations related to a cause of action which was dismissed by this Court on November 8, 2004, to which no answer is required. This paragraph also contains legal conclusions to which no answer is require. To the extent that an answer is required, defendants deny the allegations in this paragraph.

### Count 1 - Violation of Constitutional Rights

22-26 These paragraphs state legal conclusions which do not require answers. To the extent answers are required, the defendants deny the allegations in these paragraphs.

### Count 2 - Violation of Constitutional Rights

27-29 These paragraphs are related to a cause of action which was dismissed by this Court on November 8, 2004. As no cause of action remains, no answer is required. To the extent an answer may be required, the defendants deny the allegations in these paragraphs.

### Count 3 - Violation of Constitutional Rights

30-32 These paragraphs are related to a cause of action which was dismissed by this Court on November 8, 2004. As no cause of action remains, no answer is required. To the extent an answer may be required, the defendants deny the allegations in these paragraphs.

### Damages

33. This paragraphs states a legal conclusion which does not require an answer. To the extent an answer is required, the defendants deny the allegations in this paragraph.

### Relief Requested

34-38 These paragraphs state a legal conclusion which does not require an answer. To the extent an answer is required, the defendants deny the allegations in these paragraphs.

### Demand for Jury Trial

39. This paragraph states a legal conclusion which does not require an answer. To the extent an answer is required, the defendants admit the allegations in this paragraph.

### Affirmative Defenses

1. Plaintiff failed to exhaust his available administrative remedies.

2. Plaintiff fails to state a claim against the defendants as his allegations fail to set forth any clearly established violation of any right secured to the plaintiff by the United States Constitution.

3. To the extent plaintiff seeks to hold defendant Samalio liable on the basis of vicarious liability or upon a theory of respondeat superior, he fails to state a claim upon which relief may be granted.

4. Defendant Gould is entitled to absolute immunity pursuant to 42 U.S.C. §233(a).

WHEREFORE, the defendants pray that this Court dismiss the Complaint, with prejudice, with costs, and grant such further relief as may be appropriate.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY


/s Gerard A. Brost
Gerard A. Brost
Assistant United States Attorney
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone: 309/671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Answer has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

Thomas Berchiolly
Reg. No. 98369-024
FPC Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

s/ Stephanie Pennington
Paralegal Specialist