**E-FILED**
Monday, 27 February, 2006 02:07:34 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA**

Case No. **04-1318**

**FILED**

FEB **2 7** 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THOMAS A. BERCHIOLLY,**
Plaintiff,

**Vs.**

**EDDIE SAMALIO, ET AL.,**
defendants.

---

**APPENDIX IN SUPPORT OF PLAINTIFF
BERCHIOLLY'S CIVIL RIGHTS COMPLAINT**

---

Thomas A. Berchiolly, <u>Pro Se</u>
Reg. No. 98369-024
Federal Prison Camp
P.O. Box 1000
Leavenworth, Kansas 66048

## **TABLE OF CONTENTS**

**Exhibits:**

(A) ......................(Two) facial pictures of Berchiolly.

(B) ............(One) BP-S148.055(inmate Request to Staff Form) dated 10/22/02, and (One) letter addressed to prison officials dated 11/25/03.

(c) ...........(One) 600 Standard Form (Chronological Record of Medical Care) dated 10/25/02.

(D) ...............(Four) Brief Counseling Session Memos) dated 10/24/03, 10/28/03, 10/31/03, and 12/09/03.

(E) ............(Two) BP-S148.055(inmate Request to Staff Form) dated 09/22/03, and (One) 600 Standard Form(Chronological Record of Medical Care) dated 09/10/03, 09/23/03, (One) PEK 1330.7(Inmate Attempt at Informal Resolution Form) dated 10/03/03, (One) BP-S148.055(Inmate Request to Staff Form) dated 10/03/03, and (One) BP-S148.055(inmate Request to Staff Form) dated 10/29/03.

(F) ...............(One) PEK 1330.7(Inmate Attempt at Informal Resolution Form) with 2 attachments dated 04/06/04, and (One) BP-S148.055(Inmate Request to Staff Form) dated 03/08/04.

(G) ....(One) Utilization Review Action Request Form, and (One) 513 Standard Form(Consultation Sheet) dated 09/11/03.

(H) .....(One) Report of Operation Form(by W. Scott Reid) dated 11/18/03.

1 of 2

**(I)** ..... (One) PEK 1330.7(Inmate Attempt at informal Resolution
Form) dated 09/30/03.

**Exhibit "A"**



**Exhibit "B"**

#4 First contact with medical staff

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Dr. Ortiz | 10-22-02 |

| FROM: | REGISTER NO.: |
|---|---|
| Tom Berchiolly | 98369-024 |

| WORK ASSIGNMENT: | UNIT: |
|---|---|
| Orderly | IL-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Per my conversation with Mr Samalio I need AN Appointment
to see PA Jackson so that he may examine a growth
in my forehead. Mr. Samalio seems to think it may be
skin cancer') Please schedule me for a Appointment as
soon as possible.

Please reply in writing

(Do not write below this line!)

DISPOSITION:

Appt given for 11-4-02          10:30 aⁿ

November 25, 2003

Thomas Berchiolly
Reg. No. 98369-024
Federal Correctional
Institution - Pekin
P.O. Box 5000
Pekin, IL. 61155-5000

To whom it may concern,

In Oct. of 2002 outside the chow-hall I brought to the atten-
tion of Mr. Samalio a small growth on the right side of my face a-
bove my right eye. Mr. Samalio told me at that time to go to sick
call and have it checked out as it may be some kind of skin cancer.
I did and an appointment was made. It was looked at by PA Jackson,
he is the person who handles biopsies and evaluates different kinds
of abnormal growths. He evaluated it, gave his recommendation and
it was igmored. He told me, Mr. Samalio, and Dr. Ortiz that it ap-
peared to be a type of skin cancer and that it should be biopsied
and removed. That was in 2002. Since then PA Jackson and myself
made numerous requests to get the growth removed. My medical re-
cords, cop-outs and PA Jackson's and Dr. Ortiz's medical records
pertaining to me and the growth on my face will verify this.

During the summer of 2003 I had yet another, one of many, ap-
pointment to see PA Jackson in reference to the growth on my face.
PA Jackson was called away unexpectedly and didn't get a chance to
do a biopsy like I was hoping. Dr. Ortiz was there so I went to
him and while he was once again looking at the growth Mr. Gould,
the pharmasist, stepped in and took a look at it and he told Dr.
Ortiz and myself that it was just dry skin and not to worry about
it, just put some lotion on it. Without any further examination I
was dismissed by Dr. Ortiz. Dr. Ortiz just excepted Mr. Gould's,
the pharmasist, unresearched opinion!

Now finally over a year later on 11/18/03, after all the dam-
age is done, I went out for surgery. I now have a large scar on the
right side of my face that shouln't be there. It is only there be-
cause my 8th amendment right was violated. Dr. Ortiz and Mr.
Samalio allowed the growth on my face to grow for so long that it
caused irreparable damage to both the outside of my face and the
tissue below the surface. They just kept ignoring my pleas and the
advise given them by PA Jackson! They knew or the potential danger
and damage it could cause but through deliberate indifference they
choose to do nothing to help me.

It was no larger than this O when I first brought it to their
attention in Oct. of 2002. Both myself and PA Jackson were cons-
tantly asking them to get it removed. Mr. Samalio and Dr. Ortiz
wouldn't listen. They had no concern for my life or my health! Now
over a year later after it had grown to about this size
on the surface and three times larger underneath they
finally allowed me to have it removed leaving me with a
nasty scar that shouldn't be there and a lot of internal
damage, not to mention all of the undue emotional stress.

This could have been taken care of here at this institution
with very little cost and minimal damage to me over a year ago but
through deliberate indifference it ended up costing the institution
a great deal more and caused me extensive damage both physically
and mentally. all of which was totally unnecessary!

Sincerlv.

**Exhibit "C"**

SF_600 (Face)

NSN 7540-00-634-4176

600-108

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

10-25-02
0701

S _[illegible]_
P. _not seen_
A. Allergic rhinitis, Hyperlipidemia
C. Diphenhydramine 25, T80 P31 2 tabs TID _[illegible]_ 40 _[illegible]_
Scheduled for chem in _1/4_

Chart Reviewed By _[illegible]_ _[illegible]_
Rx Filled By _[illegible]_
Verbal _[illegible]_ Counseling
R Verbal Understanding

**Robert A. Jackson PA-C**
**Physician Assistant - Certified**

10-28-02  admit notes labs drawn: Chem 1
DrSuyus RT(R) _[illegible]_

11-6-02
1440

S _[illegible]_ at edge of scalp
P. slightly raised nodular lesion _[illegible]_
A. R/O basal cell ca
P. scheduled to excision of biopsy

**Robert A. Jackson PA-C**
**Physician Assistant - Certified**

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

| RECORDS MAINTAINED AT: | ► | **FCI/FPC PEKIN** , 2600 S. 2nd St. , Pekin , Ill. 61554  309-346-8588 | | |
|---|---|---|---|---|
| PATIENT'S NAME (Last, First, Middle Initial) _Berrovill_ _[illegible]_ | | | | SEX  M |
| RELATIONSHIP TO SPONSOR | | STATUS | | RANK/GRADE |
| SPONSOR'S NAME | | | ORGANIZATION | |
| DEPART./SERVICE | SSN/IDENTIFICATION NO.  98364- 020 | | | DATE OF BIRTH  11-3-50 |

CHRONOLOGICAL RECORD OR MEDICAL CARE

STANDARD FORM 600 (Rev. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505

is form may be replicated via WP)

**Exhibit "D"**

** LIMITED OFFICIAL USE **

BRIEF COUNSELING SESSION

Date ....... : October 24, 2003
Inmate ..... : BERCHIOLLY, THOMAS
Reg. No .... : 98369-024

Author ..... : ROBERT OLT, M.A.,NCC,LPC
Title ...... : DOCTORAL PRACTICUM
Institution : FCI PEKIN

---

Inmate came to the psychology department complaining of numerous physical
problems(i.e.a skin growth and knee problem). He was informed by this
therapist that such maladies are the province of physicians and that when a
physical ailment occurs that he needs to contact the proper individuals. He
claimed to comprehend the latter. We then talked about the importance of
utilyzing what resources are available. Inmate claimed to "feel better after
venting". We also covered creative visualization exercises to facilitate
sleep. There was no evidence of any pathological symptoms;client claimed no
suicidal ideation.

BRIEF COUNSELING SESSION

Date ......: October 28, 2003
Inmate ....: BERCHIOLLY, THOMAS
Reg. No ...: 98369-024

Author ....: ROBERT OLT, M.A.,NCC,LPC
Title .....: DOCTORAL PRACTICUM
Institution : FCI PEKIN

---

Talked with inmate at his request. He appeared tired and stressed as
evidenced by the circles around his eyes and nervous diposition. His problem
was stated as "not being able to have the growth on my face removed yesterday
because the paperwork was messed-up". He further contended that he thought
the staff may have "stopped the process on purpose"because of anger caused by
"reporting and complainng about unfair treatment".

Cognitive re-structing was used to reveal inmates distortions regarding what
was really happening. He admitted that "things move slowly"for everyone in
the system and no one was singling him out. It was also suggested by this
therapist that inmate get some rest and his thoughts might become clearer. He
 stated that he "will try". Inmate was informed to discuss problematic
thoughts with staff in order to reduce tension. His concern appeared somewhat
alleviated at the end of the session.

** LIMITED OFFICIAL USE **

BRIEF COUNSELING SESSION

Date ......: October 31, 2003
Inmate ....: BERCHIOLLY, THOMAS
Reg. No ...: 98369-024

Author ....: DR. STEVEN A. THOMAS
Title ......: CHIEF PSYCHOLOGIST
Institution : FCI PEKIN

_____

The above was seen at the request of Mr. Rusch after reportedly complaining
of an increase in anxiety and verbally asking to see a psychologist.  Inmate
Berchiolly states today, "They got me stressin.  They been jacking me around
for a year with this thing.  I wonder if they are playing with me because I
filed on them.  I know other inmates in the past who haven't been tx.'d and
they died.  My growth bleeds and itches.  I need to use alcohol pads to clean
it up after it bleeds.  I also got tendons in my knees that need operating
on.  I lost my job as a weekend orderlie and now they are threatening to put
me over in CMS.  My hips and knees hurt to much for me to be over there all
day.  I have to take Motrin three times a day for the pain.  I been more
irritable lately worrying about this growth on my face."

He is nonpsychotic and alert and oriented to time, person, place and
situation.  He reports an increase in sx.'s of anxiety, mood swings,
irritability and worry about his health status concerning the growth.  He has
been told that he will be going out to a surgeon for removal of the growth in
the near future.  In fact, he was scheduled to go out but the trip was
canceled.

Based on his presentation and past hx., relaxation tapes were offered and
used by him.  Health services was contacted and state that they expect him to
go out for surgery in the near future.  UM Hooks was also contacted.  He
reports that inmate Berchiolly was caught stealing alcohol pads and lied
about the issue.  Mr. Hooks was briefed about this situation and indicated he
would work with the inmate in determining whether a new job assignment is
made.

No psychiatric referral is necessary.  Dr. Fricke, Illinois unit psychologist
will be briefed about this contact and asked to f/u as she deems appropriate.

cc: Dr. Fricke, Illinois Unit Psychologist

** LIMITED OFFICIAL USE **

BRIEF COUNSELING SESSION

Date .......: December 9, 2003
Inmate .....: BERCHIOLLY, THOMAS
Reg. No ....: 98369-024

Author .....: ROBERT OLT, M.A.,NCC,LPC
Title ......: DOCTORAL PRACTICUM
Institution : FCI PEKIN

---

Inmate was seen at his request. He appeared to be in a much better mood than
on previous occasions as evidenced by an upbeat tone of voice and a
bright,focused demeanor. He spoke of a recent operation and his concern that
"they did'nt get all of the cancer". Inmate was informed to use his resources
and ask the proper medical persons the issues of concern. He was allowed to
emote his frustration with the latter as well. He clained to "feel better"
afterwards.

We talked about stress,and inmate talked about the meditation tapes available
plus their efficacy and desire to utilize the tapes consistently. He was
informed that the request would be addressed.

Inmate also clains comfort from spiritual matters;the latter was encouraged
by this therapist,as well. Inmate appeared quite relaxed at the end of the
session;no symptomology was present. He was told to contact the psychology
department if further concerns develop.

Exhibit "E"

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Dr. Ortiz | DATE: 9-22-03 |
| FROM: Tom Berchiolly | REGISTER NO.: 98369-024 |
| WORK ASSIGNMENT: Orderly | UNIT: IL-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I have written you several cop-out asking for your Advice
And some information about my health. Why Are you not Answerin
my request? Can you show me in writing where it says I no longer
need to take my cholestecol medicine? Should I of not been
taking it for the past 7 years And has it done my liver
And kidnies any harm? Also what can I do About the
pain in my hips, left kenee, And lower back? Am I still
going to have the growth by my right eye removed
this week As I was told by you on the 3'd of Sept?

(Please reply in writing!)

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
| | |

Record Copy - File; Copy - Inmate
This form replaces BP-148.070 dated Oct 86

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Psychology / Dr. Alt | DATE: 10-03-03 |
|---|---|
| FROM: Tom Berchiolly | REGISTER NO.: 98369-024 |
| WORK ASSIGNMENT: Orderly | UNIT: IL-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I have two concerns. I have a torn tendon in my right knee.
I have had it for about a year now. I take 3 800 mg Motrin a day
for the pain and to keep the inflamation down. I need to
know if you can help me learn how to deal with this constant
pain and uncertainty. Also I have a growth on the right
side of my face. This too I have had for about a year. They
keep telling me that they are going to take care of
these health problems but they never do! My family and
I are left to worry and live with the fear of the
unknown! I don't want the stress to cause me even
further problems. (Thank you for your concern)
Please reply in writing
---(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Rcd
10-7-03
/

PEK 1330.7
09-15-1994
Attachment 1

## FEDERAL CORRECTIONAL INSTITUTION
## PEKIN, ILLINOIS

### INMATE ATTEMPT AT INFORMAL RESOLUTION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In accordance to Bureau of Prisons' Program Statement 1330.11, Administrative Remedy for Inmates, any inmate attempting to seek formal review of a complaint must first attempt to resolve the complaint informally by presenting it to a staff member.  The staff member must attempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (BP-9) to the inmate.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Briefly explain the nature of your complaint.  You must include all pertinent details and facts that support your request.

I want all medical documentation pertaining to the growth on the right side of my face near my eye. The first cop-out was on 10-22-02. Appointment given 11-14-02. I need everything! I especically need the doctors report and evaluation that was done on 9-30-03. I want to see where he put it writing the he can assure me that the growth on my face is non-cancerous. I also want his name and mailing address.

2.  What action do you wish to be taken to resolve this matter? –

I want a byopsy and I want the growth on my face removed properly.

Tom Berchiolly  98369-024     IL-1          10-3-03
Inmate Name & Reg. No.              Unit              Date

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3.  The staff member attempting to resolve the matter will indicate the steps taken and provide to the inmate.

Your appointment has been scheduled

S. Bess, Counselor                    10-8-03
STAFF MEMBER'S NAME & TITLE            DATE

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
| --- | --- |

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION *(Sign each entry)* |
| --- | --- |
| 9/10/03 8:45 | *[handwritten clinical note]* Recommended PT restrictions and are as follow: (1) Work/activity restrict no prolonged standing no prolonged walk no weight lifts over 30 lbs. no squatting (2) Recreation restriction applied *[signature]* |
| 9/11/03 13:30 | **URC MEETS** Surg consult! **APPROVES/DENIES/DEFERS** **LEVEL** 2 **PRIORITY** 1 *[signature]* |
| 9/24/03 1:25 | *[handwritten clinical note]* ... *[signature]* |

| PATIENT'S IDENTIFICATION *(Use this space for Mechanical print)* | RECORDS MAINTAINED AT: ▶ FCI Pekin |
| --- | --- |
| | PATIENT'S NAME *(Last, First, Middle Initial)* Deichudy Thom |
| | RELATIONSHIP TO SPONSOR / STATUS / SEX M |
| | SPONSOR'S NAME / ORGANIZATION / RANK/GRADE |
| | DEPART./SERVICE / SSN/IDENTIFICATION NO. 98369-024 / DATE OF BIRTH 11/3/50 |

NSN 7540-00-634-4176

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|--------------------------------------------------------------------------|
| 9 23/03 1515 | Admin note: Inmate reviewed chart. Will send media refill for L knee pain. *illegible* D x2 week |
| | Chart Reviewed By _____ *(signature)* |
| | Pt. Verifies _____ _____, M.D. OFFICER |
| 7-30-03 1330 | Admin note: Seen by Dr. Reid who recommends excision of (R) Temple nodule. S. h / Scott Sherman *(signature)* OFFICER O. DALMASI M.D. |
| 10-7-03 1100 | Admin. note: Inmate reviewed chart today. Released 12 copies to inmate. Connett, MRT **D. CONNETT, M.R.T.** |
| 10-16-03 1230 | admin note: labs drawn: CBC DMeyersRT(R) Drukkmaur / Dinkl— DMeyersRT(R) |

Government Printing Office: 1996 - 404-763/40023          STANDARD FORM 600 BACK (REV. 5-84)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Medical Staff/Mr. Samalio | DATE: 10-29-03 |
|---|---|
| FROM: Tom Berchiolly | REGISTER NO.: 98369-024 |
| WORK ASSIGNMENT: Orderly | UNIT: IL-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.;

I believe I have been treated in a cruel and unusual way regarding the growth on my face and the torn tendon in my knee because of deliberate indifference perpetrated against me by the medical staff here at FCI Pekin: i.e. Mr. Samalio, Dr. Ortiz, Mrs. Gregory. My eight amendment is being violated. You have know about these problems for a year and you have know how painful and stressful it has been for me yet you choose to prolong my pain and suffering unnecessarly!

Please reply in writing

copy 1 of 4 cc!

(Do not write below this line)

10/31/03
DISPOSITION:

THERE IS NO DELIBERATE INDIFFERENCE AGAINST YOU BY THE HEALTH SERVICES DEPARTMENT. THERE IS NO DELIBERATE INTENTION TO PROLONG YOUR ALLEGE PAIN AND SUFFERING. SURGICAL INTERVENTION FOR THE GROWTH ON YOUR FACE WILL BE CONDUCTED BY AN OUTSIDE SURGEON. DUE TO SECURITY REASONS, WE ARE UNABLE TO DIVULGE THE DATE & TIME. IN THE INTERIM, IF YOU HAVE ANY MEDICAL PROBLEMS PLEASE SIGN UP FOR SICK CALL.

| Signature Staff Member F.S. SAMALIO | Date 10/31/03 |
|---|---|

**Exhibit "F"**

PEK 1330.7
09-15-1994
Attachment 1

## FEDERAL CORRECTIONAL INSTITUTION
## PEKIN, ILLINOIS

### INMATE ATTEMPT AT INFORMAL RESOLUTION

**********************************************************************

In accordance to Bureau of Prisons' Program Statement 1330.11, Administrative Remedy for Inmates, any inmate attempting to seek formal review of a complaint must first attempt to resolve the complaint informally by presenting it to a staff member. The staff member must attempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (BP-9) to the inmate.

**********************************************************************

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support your request.

   See attachments

2. What action do you wish to be taken to resolve this matter? –

   I want Mr. Vould to stay out of my health concern issues, (stop playing Dr.) and I want him to tell Warden Hastings that he lied, not me. Because when I confronted him at medical he admitted it to me that he was wrong.

   Tom Berchielly, 98369-024        I2-1        4-06-04
   Inmate Name & Reg. No.           Unit        Date

**********************************************************************

3. The staff member attempting to resolve the matter will indicate the steps taken and provide to the inmate.

   As part of the Health Care Team, each member has a responsibility to express concerns to improve a patient's health. Your care is ultimately determined by the MD. Mr. Could did not intentinaly say anything wrong. Staff reports occurrances to the best of their memory.

   Achimed Arling HSA        4-13-04
   STAFF MEMBER'S NAME & TITLE        DATE

This complaint is against Mr Gould. On two separate occasions Mr Gould offered his unsolicited opinion and advice about a serious personal health issue of mine. (One) In the summer of 2003 I went to medical in hope of receiving a biopsy on a skin lesion on my face. I had an appointment with Mr Jackson. While Mr Jackson was examining the lesion he was called away because there was an emergency at the camp. I then approached Dr. Ortiy and he said he would look at it again. This being about the 5th or 6th time he examined it. While Dr Ortiy was examining the lesion Mr Gould steped in and asked what was going on. Dr Ortiy told him that I was concerned that the area on my face might be some type of skin cancer. Dr Ortiy told Mr Gould that PA Jackson told me he thought it might be basil cell carcinoma. Mr Gould looked at it and said to the Dr and myself that is was nothing more than dry skin and that PA. Jackson tends to overreact. So with no further examination Dr Ortiy excused me. The area that Mr Gould told Dr Ortiy was nothing but dry skin turned out to be a serious type of skin cancer and was taken serious and removed until November of 2003. I believe that if Mr Gould would of minded his own business and not told Dr Ortiy that he had more knowledge than PA Jackson and told Dr Ortiy and me that it was only dry skin just put some lotion on it. I may of gotten my biopsy and been spared all of the unecessary pain, stress and undue suffering. I also wouldn't have this nasty scar on the side of my face.

(Two)

The first week of March I was seen by Dr Sutherland in regards to more skin lesions that I was concerned might be more skin cancer. During the examination Dr Sutherland nd I talked about the option of using an ointment called "Fudex. The nurse that was there said we probably couldn't get it right away that it would have to be approved by the BOP. Dr Sutherland said he thought the areas on my face were ndeed skin cancer in their early stages. He said he would recommend excising them. We didn't talk much about using he FFudex because we didn't know of we could even get it. After I left medical Dr Sutherland contacted Mr Gould to see f he had or could get the EFudex ointment. Mr Gould apparently said he did and could get it. They discussed how to use the ointment. Yow to apply it, the length of time and so on. I was not present so it was not explained to me. That was on 3-02-04 I believe. In 3-04-04 I was called to medical and Mr Gould gave me he FFudex and a brief explanation of how to use it. He said he wasn't too knowledgable about it.

Now either the 5th or 8th of March while I was explaining my situation to Warden Hastings Mr Gould once again offer his nsolicited opinion. He told Warden Hastings that Dr Sutherland id infact tell me in detail how to use the EFudex and what to watch for as far as results. He went as far as to say that he was even present while the Dr explained it all to me. Thus making me appear a liar to Warden Hastings when infact t was Mr Gould who was telling the lie Mr Gould myself nd Dr Sutherland were never in the room together at any time ever. Dr Sutherland and Mr Gould were I was not. Once again when I was seeking proper medical help Mr Gould ntervened only to confuse things and make them worse.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
**3**EP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Hawsen / PA | DATE: 3 - 8 - 04 |
|---|---|
| FROM: Tom Berchinilly | REGISTER NO.: 98365 - 024 |
| WORK ASSIGNMENT: Orderly | UNIT: IL - 1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

A second request to be scheduled for a
complet physical!
Also on the 19th I will have completed a two week
course of EFUDEX (a medication used to kill
early stages of (the) CANCER) at that time
I am to be examined by someone qualified
to see if the treatment worked or if I
need a second one. Will someone qualified
to make that judgement be available on the
19th? Please reply in writing this time so that
I will know what is going on.

Copy 1 of 2
                           (Do not write below this line)

DISPOSITION:
We discussed this during your last chronic
Care clinic which I feel is a more appropriate
way to monitor your health status. However,
your name has been placed on the list

↘ No one even addresses the issue about the E-Fed ey also please
note the date 3-31-04, I still didn't receive it in unit until 4-8-04

| Signature Staff Member | Date 3-31-04 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**Exhibit "G"**

# Utilization Review
## ACTION REQUEST

The following are guidelines which help the committee evaluate the level of care required and assesses options, with the goal of eliminating over-and underutilization of services and inefficient scheduling. These guidelines assist medical personnel in determining the level and extent of care, particularly in surgical intervention.

**NAME:** Berdnolly, Thomas      **REG. NO:** 98369-024

**GENDER:** X M  F       **AGE/DOB:** 53 / 11-3-50

**PRIMARY DIAGNOSIS:** R/O Squamous cell CA

**PROCEDURE REQUESTED:** Excisional biopsy

**NARRATIVE SUMMARY:** (CONCISE)
(EXPLAIN IN DETAIL INCLUDING, PT'S AGE, WT. ,ESTIMATED DURATION OF TREATMENT, LATEST PERTINENT LAB, DIAGNOSTIC PROCEDURES NEEDED,TEST AND RESULTS COMPLETED, CURRENT MEDICATIONS, SYMPTOMS AND DURATION, PROPOSED TREATMENT GOALS, ETC.)

R/O Squamous cell CA to R temple c̄ temple 4/18/03 by excisional bx c̄ clear margins c/o similar lesion same area ↑ in size 3x in past 3 months, tender on bleeding when washed ~ 3x5mm sl raised flesh-colored lesion irregular smooth borders

---

**Level 1**  Medically mandatory - immediate, urgent or emergency care required to maintain or treat a life threatening illness or injury.

**Level 2**  Presently medically necessary - routine care/treatment that cannot be reasonably delayed without the risk of further complication, serious complication, significant pain or discomfort, provided to maintain a chronic non-life threatening condition.

**Level 3**  Medically acceptable - but not medically necessary is treatment that is not exclusively for the convenience of the patient (routine hernia repair, noncancerous skin lesions, etc).

**Level 4**  Exclusively for the convenience of the inmate - may include, but not limited to, tattoo removal, minor nasal reconstruction, other cosmetic surgery, elective circumcision.

**Priority 1** within 14 days   **Priority 2** within 30 days   **Priority 3** within 60 days   **Priority 4** within 90 days

**Note:** An approved consultation designated as a level 3, priority 3 or 4, extends the time frame to the following:

Level 3   Priority 3  within 120 days
Level 3   Priority 4  within 180 days

---

**APPROVED**   Level 1  2  3  4       Priority 1  2  3  4        **DENIED**              **DEFERRED**

**PLAN of TREATMENT :** _____

_____

_____

_____


DR. ANGEL ORTIZ , CLINICAL DIRECTOR              UTILIZATION REVIEW DATE

SF 513

**FCI/FPC Pekin**
2600 s. 2nd st.
513-110    Pekin, Il. 61554  309-346-8588

NSN 7540-00-634-4127

| EDICAL RECORD | | CONSULTATION SHEET |
|---|---|---|

### REQUEST

| TO: _Dr. Reid_ | FROM: (Requesting physician or activity) | DATE OR REQUEST |
|---|---|---|

REASON FOR REQUEST (complaints and findings, to include lab and x-ray findings. Be specific.)

_Please enter the ml of 8 cm_
_(1w) low No Bowl Cell Carcinoma_
_~ BP_

PROVISIONAL DIAGNOSIS: _Basal Cell Cancer_

| DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION | ☐ ROUTINE ☐ TODAY |
|---|---|---|---|
| | | ☐ BESIDE ☐ ON CALL | ☐ 72 HOURS ☐ EMERGENCY |

### CONSULTATION REPORT

RECORD REVIEWED ☑ YES ☐ NO    PATIENT EXAMINED ☑ YES ☐ NO

**URC MEETS**

**APPROVES/DENIES/DEFERS** _____

LEVEL __2__ PRIORITY __1__

A. CZIME, M.D.
9/11/03

_Apparent lesion raised 1 cm lesion @ temple._
_Start: Rx ☐(cd)_
_by: cre 1/c_
_mo Sfo._
_suggest excision_

PALMASI, M.D.
L OFFICER
10-3-03

(Continue on reverse side)

| NATURE AND TITLE | DATE |
|---|---|
| | 9/28/03 |

CONSULTATION SHEET
Medical Record

IENTS IDENTIFICATION
Name: _Berchilli T_
eg. No.: _98369-024_
DOB: _11/3/50_

orm may be replicated via WP)

**Exhibit "H"**

**Exhibit "I"**

*#8,9. Here he puts in writing a lie as to Dr Reid's findings Rev'd 9-30-03 public*

PEK 1330.7
09-15-1994
**Attachment 1**

# FEDERAL CORRECTIONAL INSTITUTION
## PEKIN, ILLINOIS

### INMATE ATTEMPT AT INFORMAL RESOLUTION

**********************************************************************

In accordance to Bureau of Prisons' Program Statement 1330.11, <u>Administrative Remedy for Inmates,</u> any inmate attempting to seek formal review of a complaint must first attempt to resolve the complaint informally by presenting it to a staff member. The staff member must attempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (BP-9) to the inmate.

**********************************************************************

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support your request.

I have been told on several occasions that I would receive a biopsy on the growth on my face by my right eye to determine if it is some type of skin cancer. I was scheduled for 9-30-03 at 8:30 am to have this done and once again it was not done. Now I am left to worry even longer as to whether I have some type of skin cancer or not.

2. What action do you wish to be taken to resolve this matter? –

I want a biopsy so that I can know what I am dealing with. I need this growth removed before it gets any larger causing me even greater damage. It is already 10 times larger than when I first brought it to your attention on (10-22-02)

___Tom Berchiolly 98369-024___ ___IL-1___ ___9-30-03___
Inmate Name & Reg. No.         Unit              Date

**********************************************************************

3. The staff member attempting to resolve the matter will indicate the steps taken and provide to the inmate.

According to the Clinical Director, the General Surgeon evaluated (9/30/0) the Facial Lesion and determined that an excisional biopsy is indicated. Preliminary indication is that its non-cancerous. That However, the lesion will be excised for further classification and diagnosis. This will be scheduled accordingly.