E-FILED
Wednesday, 16 August, 2006 11:19:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
AUG 1 6 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS A. BERCHIOLLY,
 Plaintiff,

Vs.                              Case No: 04-1318

Ashcroft, et al.,
 Defendants.

**PLAINTIFF'S MOTION
IN OPPOSITION TO THE DEFENDANTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGEMENT**

**Now Comes**, Thomas A. Berchiolly, the plaintiff, acting Pro Se in the above entitled case, and respectfully submits this Motion in Opposition to the "Defendants' Motion to Dismiss and/or for Summary Judgement. Plaintiff states as follows:

The defendants claimed that they provided plaintiff with proper and prompt medical care. Contradictorily, the evidence shows that there was a **delay of 13 months,** between the initial examination of the affected area, and the actual removal of the cancerous tumor. The initial examination was conducted on October 22, 2002, and the cancerous tumor was

-1-

actually removed on November 18, 2003. Furthermore, some of the defendants threatened the plaintiff with placing him in the Segregation Unit (The Hole), if he did not stop complaining about his cancerous tumor, and lied to him about the diagnosis, saying that his effected area was only dry skin.

The Eighth Amendment forbids prison officials from "unnecessary and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An inmate must rely on prison authorities to treat his medical needs; if prison authorities fail to do so, those needs will not be met. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to prisoners' medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).

In the case at bar, plaintiff's symptoms and visible medical needs, should have been indicative of obvious and serious medical concerns, from which even a lay person could have easily drawn inference that substantial risk of serious

harm existed, and possible death if not treated properly. It was determined that plaintiff had "Basil Cell Carcinoma," one of the deadliest kinds of skin cancer. Nonetheless, treatment was delayed for 13 months. Plaintiff could have easily died from this delay.

The defendants had a sufficiently culpable state of mind in delaying the badly needed medical intervention that could have significantly minimized the pain, suffering, mental anguish, facial disfiguration, and most importantly, the early remission of the cancer. For their action, the defendants should be barred from holding medical licenses, or any position where they have authority to determine what kind of medical care someone should receive. These defendants' actions are indicative that they have no morals, nor regards for humans lives, and violated the "Hippocratic Oath." in which a doctor takes an oath that binds him to observe the code of behavior and practice followed by the Greek physician Hippocrates, called the Father of Medicine and the students of the medical school in Cos where he taught. Although, the plaintiff in this case is a prisoner, nonetheless, he is a fellow human being.

A constitutional claim of denial of medical care has objective and subjective components. <u>Farmer v. Brennan</u>, 511

U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); see also, <u>Sanders v. Sheahan</u>, 198 F.3d 626, 628 (7th Cir. 1999).

The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Id. 511 U.S 825, 834. If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether " he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 847, 114 S.Ct. 1970). The subjective inquiry is a question of facts, sustainable through circumstantial evidence.

"A prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." <u>McGill v. Duckworth</u>, 944 F.2d 344, 349 (7th Cir. 1991) (reasoning that the scienter requirement is satisfied when a prison guard, "[s]uspect[s] something is true but shut[s] [his] eyes for fear of what [he] will learn" or "[goes] out of [his] way to avoid acquiring unwelcomed knowledges").

The U.S. Supreme Court also cautioned that an "Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 84 2, 114 S.Ct. 1970. Likewise, a claimant need not prove that a prison official was aware of the specific type of harm which befall the prisoner, only that the prison official was aware that a substantial risk of some type of danger existed. Haley v. Gross, 86 F.3d 630, 643 n. 33 (7th Cir. 1996).

In the case at bar, plaintiff's allegations and the evidence before this Court, hold up well under the objective and subjective test, because they implicate obvious and serious medical concerns, that even a lay person could have easily drawn the inference that substantial risk of serious harm existed. Plaintiff's allegations cannot be characterized as involving either simple inadvertence, or a mere difference of professional opinion. Furthermore, it is of particular significance in this case, that "[d]eliberate indifference is shown by intentionally interfering with the treatment already recommended by members of the Utilization Review Committee (URC, hereafter).

On September 11, 2003, the members of the Bureau of Prisons' URC, determined that a "Biopsy was required to determine if plaintiff's growth was cancerous. The URC members' classification of plaintiff's condition as "presently medically necessary," called for medical intervention within 14 days. (See Plaintiff's Appendix, Exhibit G). However, no medical treatment was provided for a period of two (2) months to plaintiff's serious medical needs.

A serious medical need is one that has been diagnosed by a physician as mandating treatment, or that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. This "obviousness" standard for determining a serious medical need is distinct from a separate branch of the Eighth Amendment decisions, where the seriousness of a prisoner's medical needs "may also be decided by the effect of the delay in treatment." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994)(emphasis added in part).

In summary, the "verifying medical evidence" requirement is relevant to those claims involving minor maladies or non-obvious complaints of serious needs for medical care. However, in the case at bar, plaintiff's medical needs were

so obvious and serious that a lay person could have drawn the inference, that substantial risk of serious harm existed.

Indeed, plaintiff has demonstrated that prison officials violated his Eighth Amendment right. Thus, the burden shifts back to the defendants, who must prove that, "no genuine issue of material fact exist," and that the defendants are entitled to judgement as a matter of law.

Effectively, plaintiff has submitted evidence, and has alleged sufficient facts, that would require this Honorable Court to deny defendants' Motion to Dismiss and/or summary judgment. Plaintiff, has state a claim under the Eighth Amendment, and as described herein, that the defendants behavior amounted to the level of an Eighth Amendment violation for purpose of the title 42 U.S.C. §1983.

In the field of prison administration, officials must be aware of the protections given to inmates through the judicial process. Imposition of liability for their wrong actions, is a shorthand method of informing prison officials that they must be concerned with and informed of legal developments in the rights of the confined citizens, as set forth by the Courts and by the legislature. The burden

of proving justification for interfering with fundamental constitutional rights, is on the prison officials. That burden must be proven in Court.

As the United States Supreme Court noted in <u>Procunier v. Martinez</u>, 416 U.S. 396, 405-06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), that "a policy of judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims, whether arising in Federal or State institution. When a prison regulation or practice offends a fundamental constitutional guarantee, Federal Courts, will discharge their duty to protect constitutional rights." Id. It is the duty of the Federal Courts "to guard, enforce, and protect every right granted or secured by the Constitution of the United States of America." <u>Zwckler v. Koota</u>, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 44 (1967).

## CONCLUSION

**Wherefore,** plaintiff Berchiolly, respectfully moves this Honorable Court on the facts and for the reasons set forth herein, and those set forth in his affidavit, to deny the Defendants' Motion to Dismiss and/or Summary Judgement, and to initiate a jury trial so the he may receive justice, and

to order such other relief as this Honorable Court deems just and proper under the circumstances.

**Respectfully Submitted,**

*Thomas Berchiolly*
Thomas A. Berchiolly, Pro Se
Reg. No:98369-024
Federal Prison Camp
P.O. Box 1000
Leavenworth, Kansas 66048

CERTIFICATE OF SERVICE

I, Thomas A. Berchiolly, the plaintiff, swear under penalty of perjury that the original and one (1) copy of the foregoing Motion in Opposition to the "Defendants' Motion to Dismiss and/or for Summary Judgment," are being sent to the Clerk of the District Court of Illinois. That I have also sent one (1) additional copy of the above mentioned document(s), to the Assistant of the United States Attorney. These document(s), are being placed in the United States, first-class Mail, postage prepaid, on this 13th day of August, 2006.

Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, said document(s) is deemed filed at the time it is delivered to prison authorities for forwarding <u>Houston v. Lack</u>, 487 U.S. 266 (1988), upon inmate Berchiolly placing same in a sealed, postage prepaid envelope addressed to:

| | |
|---|---|
| U.S. District Court | Assistant U.S. Attorney |
| Central Dist. of IL., | General A. Brost |
| Office of the Clerk | 211 Fulton Street |
| Federal Building | Suite 400 |
| 100 N.W. Monroe | Peoria, Illinois 61602 |
| Peoria, Illinois 61602 | |

and depositing same in the United States Postal Mail, at the Federal Prison Cam, Leavenworth, Kansas 66048, on this 13th day of August, 2006.

Respectfully Submitted,

*Thomas Berchiolly*
Thomas A. Berchiolly, Pro Se
Reg. No:98369-024
Federal Prison Camp
P.O. Box 1000
Leavenworth, Kansas 66048

-10-